UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH ASHLINE, | : | CASE NO. 3:18-CV-0434 |
| Plaintiff | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| TRI-STATE ENVELOPE CORPORATION, *et al.*, | : | |
| Defendants | : | |

# **MEMORANDUM OPINION**
October 15, 2019

The plaintiff Elizabeth Ashline ("Ashline") brings claims against the defendants Tri-State Envelope Corporation ("Tri-State"), R.P. Mills Associates, Inc. ("R.P. Mills"), and Michael E. Ashline ("Michael Ashline"). Ashline's claims are based on a divorce decree issued by the Schuylkill County Court of Common Pleas. She brings claims under the Employee Retirement Income Security Act of 1974 ("ERISA") as well as claims of breach of contract.

We previously granted R.P. Mills' motion to dismiss on the basis that the Schuylkill County divorce decree is not a Qualified Domestic Relations Order ("QDRO"), as is necessary for Ashline to state a claim for relief under ERISA, and on the basis that there was no alleged contract between Ashline and R.P. Mills, as is

necessary for Ashline to state a breach-of-contract claim. Currently pending are motions for summary judgment filed by Michael Ashline and Tri-State.

Michael Ashline died on July 22, 2018. *See doc. 49* ("Suggestion of Death Upon the Record"). Pursuant to Fed.R.Civ.P. 25(a), if after a party dies, a motion to substitute the proper party is not filed "within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed." Here, the "Suggestion of Death Upon the Record" was filed on July 9, 2019. *Doc. 49*. More than 90 days have elapsed since that that suggestion of death was filed and a motion to substitute the proper party has not been made. Thus, in accordance with Fed.R.Civ.P. 25(a), the claims against Michael Ashline will be dismissed. And given that dismissal, the motion for summary judgment purportedly filed on behalf of Michael Ashline will be dismissed as moot.

We will also grant Tri-State's motion for summary judgment because there is no genuine dispute there is no QDRO, as is necessary for Ashline to pursue a claim under ERISA.[1] Further, there is no genuine dispute that there is no contract

---

[1] For a discussion of QDROs, and why the Schuylkill County divorce decree is not a QDRO see our Memorandum Opinion of November 27, 2018. *Doc. 39*. Ashline suggests that she yet may be able to obtain a QDRO. And she might. *See Files v. ExxonMobil Pension Plan*, 428 F.3d 478, 491 (3d Cir. 2005) ("Nothing in the statute, or in our precedent, requires that a QDRO be in place prior to the death of a plan participant when the QDRO that is ultimately obtained by engaging the statutory process simply seeks to enforce a separate interest in a pension benefit that

between Ashline and Tri-State, as is necessary for Ashline to pursue a breach-of-contract claim against Tri-State.[2]

Based on the foregoing, we will dismiss the claims against Michael Ashline pursuant to Fed.R.Civ.P. 25(a), dismiss as moot Michael Ashline's motion for summary judgment, and grant Tri-State's motion for summary judgment. An appropriate order follows.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge

---

existed before the death of the plan participant."). But there is no genuine dispute that, to date, she has not obtained a QDRO. And while Ashline points to a draft QRDO prepared and signed by her counsel, *see doc. 59-2* at 9–15, there is no evidence that the Schuylkill County Court of Common Pleas entered such an order.

[2] Ashline suggests that the Schuylkill County divorce decree is a contract. Even assuming for the sake of argument that the divorce decree can be construed as a judicially approved contract, *see Gruber v. PPL Ret. Plan*, 520 F. App'x 112, 116 (3d Cir. 2013) (stating that "the interpretation of a judicially-approved contract—the QDRO" was at issue there), Tri-State was not a party to that contract. And, as we stated in the Memorandum Opinion of November 28, 2018, "Ashline cannot sidestep the requirements of ERISA with respect to QDROs by labeling her claim as a breach-of-contract claim." *Doc. 39* at 14.